**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARA MURPHY, JOHN F. MURPHY, MARGARET A. MURPHY, | Civil Action No. 15-8410 (FLW) |
| Plaintiffs, | **OPINION** |
| v. | |
| ANCORA PSYCHIATRIC HOSPITAL, STATE OF NEW JERSEY, PHYLIS DAVIS, NATASHA ALMON, "ASHELY DOE," ELIZABETH STILL, DAVID PRICE, and JOHN DOE(S) I-XXX, | |
| Defendants. | |

**WOLFSON, United States District Judge:**

In this civil rights case, Defendants Ancora Psychiatric Hospital ("Ancora"), State of New Jersey, Phylis Davis, Natasha Almon, "Ashely Doe," Elizabeth Still, and David Price ("Individual Defendants") (collectively "Defendants"), seek a dismissal of Counts IX, X, and XI of the Complaint filed by Plaintiffs Tara Murphy ("Murphy"), John F. Murphy, and Margaret A. Murphy (collectively "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6), based on Defendants' assertion that they are not "persons" within the meaning of 42 U.S.C. § 1983.

For the following reasons, Defendants' motion to dismiss is granted. Specifically, Counts IX, X, and XI against Ancora, the State of New Jersey, and the Individual Defendants in their official capacities are dismissed, because those entities and individuals are not "persons" within the meaning of Section 1983. Moreover, Plaintiffs have not specified in their Complaint that the Individual Defendants are being sued in their personal capacities. If Plaintiffs intend to assert

Section 1983 claims against Individual Defendants in their personal capacity, then Plaintiffs must amend their complaint. Counts IX, X, and XI are dismissed without prejudice.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following pertinent facts are taken from the Amended Complaint, unless otherwise noted.  On or about August 17, 2013, Murphy was admitted to Ancora, a state hospital owned, operated, and managed by Defendant State of New Jersey. Am. Compl. ¶ 3.  While in Ancora, Plaintiffs allege that Murphy was subjected to negligence and extreme physical and emotional abuse, and assert, inter alia, federal civil rights claims.

On June 23, 2015, Plaintiffs filed suit against Defendants in the Superior Court of New Jersey, Law Division, Ocean County, under docket No. OCN-L-1765-15, and filed an Amended Complaint on October 22, 2015.  On December 3, 2015, Defendants removed this matter pursuant to 28 U.S.C. § 1441(a) based on federal-question jurisdiction. On December 23, 2015, Defendants filed the instant motion to dismiss Counts IX, X, and XI of the Amended Complaint. Counts IX, X, and XI are Section 1983-related claims and are based on excessive force, violation of civil rights, and unlawful policy, custom or practice/inadequate training, respectively.

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  All reasonable inferences must be made in the plaintiff's favor.  *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth.  *Id.*; *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").  It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief."  *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.  DISCUSSION

Defendants argue that Counts IX, X, and XI of the Amended Complaint should be dismissed because they are not "persons" for the purposes of Section 1983.  In response, Plaintiffs confuse sovereign immunity with the "persons" requirement of Section 1983.  While Plaintiffs correctly argue that Defendants have waived sovereign immunity by removing this action to federal court, s*ee Lapides v. Bd. of Regents*, 535 U.S. 613, 619-20 (2002), the issue of sovereign

immunity and the personhood requirement under section 1983 are separate inquiries. Rather, the question presented, here, is whether the Defendants are "persons" within the meaning of that term as used in Section 1983.

> Section 1983 states, in relevant part, that:
>
> [e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

It is well-established that the state and state entities are not "persons" for purposes of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As such, there can be no real dispute that Plaintiffs' Section 1983 claims against the State of New Jersey must be dismissed. *See Didiano v. Balicki*, 488 F. App'x 634, 637-38 (3d Cir. 2012). Similarly, claims against Ancora, a state-run hospital, must also be dismissed. Courts in this district have previously held that Ancora is not a "person" under Section 1983, because it is a state hospital created by state statute, under control of the Commissioner of Human Services, receives most of its funding from the state treasury, and any judgment against it would come from the state treasury. *See, e.g.*, *Brown v. Ancora Psychiatric Hosp.*, No. 11-7159, 2012 U.S. Dist. LEXIS 146251, at *4-5 (D.N.J. Oct. 11, 2012).

Individual defendants, however, may be sued under Section 1983 in their official and personal capacities. "[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, "[s]uits against state officials in their official capacity . . . should be treated as suits against the State." *Id.* (citing *Kentucky*, 473

U.S. at 166). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Id*. As the United States Supreme Court has explained:

> *Will* itself makes clear that the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device. State officers sued for damages in their official capacity are not "persons" for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to court as individuals. A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term "person."

*Id.* at 27 (citations and internal quotation marks omitted); *see also Moore v. Cuttre*, No. 09-2284, 2010 U.S. Dist. LEXIS 62390, *13 n.5 (D.N.J. June 23, 2010) (citing *Hanani v. N.J. Dep't of Envtl. Prot.*, 205 Fed. Appx. 71, 79 (3d Cir. 2006)). "In determining whether [a Plaintiff has sued an official] in her personal capacity, official capacity, or both, [courts in this District] first look to the complaints and the course of proceedings." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991) (internal citations and quotations omitted).

Here, the Amended Complaint is silent as to whether the Individual Defendants are sued in their official and/or personal capacities. Insofar as the Individual Defendants are sued in their official capacities, Counts IX, X, and XI must be dismissed because, in that capacity, the Individual Defendants are not "persons" under Section 1983.[1] Plaintiffs have not specified in their Complaint that the Individual Defendants are being sued in personal capacity. This lack of specificity is fatal to Plaintiffs' claims against them in that regard. Accordingly, to the extent that Plaintiffs wishes to bring civil rights claims against the Individual Defendants in their personal capacity, the

---

[1] The Court notes that Plaintiffs argue that while an individual acting in his or her official capacity cannot be sued for monetary damages under 42 U.S.C. § 1983, he or she can be sued under the statute for injunctive relief. *Will*, 491 U.S. at 92; *Melo*, 912 F.2d at 635-36. However, there is no request for injunctive relief in the Amended Complaint.

Complaint must be amended to so request that. Accordingly, Plaintiffs shall be given leave to amend their Complaint consistent with this Opinion, within fourteen days from the date of the Order accompanying this Opinion.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Counts IX, X, XI of the Amended Complaint is GRANTED; those counts are dismissed without prejudice.

Dated: July 8, 2016

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge